PHILLIP A. TALBERT
Acting United States Attorney
MELANIE L. ALSWORTH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>IFEANYI VINCENT NTUKOGU AND KILO WHITE,<br><br>　　　　　　　Defendants. | CASE NO. 1:19-CR-00082 DAD BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: May 26, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

## BACKGROUND

This case is set for Status Conference on May 26, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). Further, this Court should designate a trial date, as requested in the parties' stipulation below. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for Status Conference on May 26, 2021.

2. By this stipulation, the parties request that the trial in this matter be scheduled to begin on May 17, 2022, at 8:30 a.m., with a Trial Confirmation Hearing scheduled for May 2, 2022 at 10:00 a.m. This was the earliest available date to ensure continuity of counsel, and to allow ample time for trial preparation and continuing defense investigation under prevailing COVID-19 restrictions. The defendants move to exclude time between May 26, 2021, and May 17, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties stipulate and agree to the following motions schedule: any motions in limine will be filed on or before December 31, 2021; any responses will be filed by January 28, 2022; replies, if any, will be filed on or before February 11, 2022. A hearing on the motions will be scheduled for February 28, 2022 at 10:00 a.m.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced more than 6,700 pages of discovery directly to counsel and made other items available for inspection and copying. The government will timely

produce supplemental discovery, if any, that comes into its possession as it prepares for trial.

      b)     Counsel for defendant desires additional time to complete an investigation and research related to the charges, complete a review of discovery made available for inspection and copying, to prepare pretrial motions, and to otherwise prepare for trial.

      c)     Counsel for defendants believe that failure to grant the above-requested continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)     In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the trial involves individuals with high-risk factors, such as age; defendants are not detained pending trial nor have they invoked speedy trial rights since the case's inception; and the District Court in the Fresno Division has begun to schedule a limited number of trials with several precautions designed to protect trial participants from possible infection with coronavirus.

      e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

      f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 26, 2021 to May 17, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

      IT IS SO STIPULATED.

| | | |
|---|---|---|
| Dated: May 18, 2021 | | PHILLIP A. TALBERT<br>Acting United States Attorney |
| | | /s/ MELANIE L. ALSWORTH<br>MELANIE L. ALSWORTH<br>Assistant United States Attorney |
| Dated: May 18, 2021 | | /s/ DANIEL BACON<br>DANIEL BACON<br>ROGER NUTTALL<br>Counsel for Defendant<br>IFEANYI VINCENT NTUKOGU |
| Dated: May 18, 2021 | | /s/ ROGER BONAKDAR<br>ROGER BONAKDAR<br>Counsel for Defendant<br>KILO WHITE |

## **ORDER**

IT IS SO ORDERED that the status conference set for May 26, 2021 is vacated. A jury trial is set for **May 17, 2022, at 8:30 a.m. before District Judge Dale A. Drozd**. A trial confirmation is set for **May 2, 2022, at 10:00 a.m. before District Judge Dale A. Drozd**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). Any motions in limine will be filed on or before December 31, 2021; any responses will be filed by January 28, 2022; replies, if any, will be filed on or before February 11, 2022. A hearing on the motions is scheduled for February 28, 2022 at 10:00 a.m., unless reset by the Court. IT IS SO ORDERED.

Dated: **May 19, 2021**       /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE